**UNITED STATES of America,**
**Appellee,**

v.

**Chudi SINCLAIR, Defendant–**
**Appellant.**

No. 06–3311–cr.

United States Court of Appeals,
Second Circuit.

Jan. 18, 2008.

Colleen P. Cassidy, Federal Defenders of New York, Inc., New York, New York, for Defendant–Appellant.

Robert L. Capers, Assistant United States Attorney (Susan Corkery, Assistant

United States Attorney, of counsel), for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Brooklyn, New York, for Appellee.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. DEBRA ANN LIVINGSTON, Circuit Judges, Hon. GREGORY W. CARMAN, Judge.*

### SUMMARY ORDER

Defendant-appellant Chudi Sinclair appeals from the July 10, 2006 judgment of the United States District Court for the Eastern District of New York (Dearie, J.), convicting him, following a plea of guilty, of credit card fraud in violation of 18 U.S.C. § 1029(a)(3), (c)(1)(A), and sentencing him principally to 60 months in prison and three years of supervised release. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Sinclair contends that the district court's sentence was procedurally and substantively unreasonable. *See United States v. Fernandez,* 443 F.3d 19, 26 (2d Cir.2006) (holding that we review a district court's sentencing decision for reasonableness). Procedurally, Sinclair complains that the district court erred by failing to calculate or consider the appropriate advisory Guidelines range. The record shows, however, that the district judge did in fact calculate a Guidelines range of 30 to 37 months and did take this range into account in its decision to impose a non-Guidelines sentence. Substantively, Sinclair argues that the district court unreasonably departed above the advisory Guidelines range, placing undue weight on his criminal history and improperly considering its suspicion that Sinclair was an

illegal alien. Giving due respect to the district court's reasoned judgment, *see Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 594–96, 169 L.Ed.2d 445 (2007), we cannot conclude that the district court's sentence was an abuse of discretion in light of Sinclair's repeat involvement in fraudulent activities and the district court's view that this sentence was necessary to protect the public, *see* 18 U.S.C. § 3553(a)(2)(C).

For the foregoing reasons, the judgment of the district court is AFFIRMED.